B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>District of Maryland | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**First Mariner Bancorp** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA 1st Mariner Bancorp** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**52-1834860** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**3301 Boston Street**<br>**Baltimore, MD**<br>ZIP Code **21224** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Baltimore** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13  ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ■ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **First Mariner Bancorp** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>■ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)            (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>  ☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>  ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>  ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>        _____<br>        (Name of landlord that obtained judgment)<br><br><br>        _____<br>        (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13)                                                                                                                Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **First Mariner Bancorp** |

<b>Signatures</b>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Lawrence J. Yumkas**
Signature of Attorney for Debtor(s)

**Lawrence J. Yumkas 06357**
Printed Name of Attorney for Debtor(s)

**Yumkas, Vidmar & Sweeney, LLC**
Firm Name

**2530 Riva Road, Suite 400**
**Annapolis, MD 21401**

_____
Address

**Email: lyumkas@yvslaw.com**
**443-569-0758  Fax: 410-571-2798**
Telephone Number

**February 9, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Mark A. Keidel**
Signature of Authorized Individual

**Mark A. Keidel**
Printed Name of Authorized Individual

**Chief Executive Officer**
Title of Authorized Individual

**February 9, 2014**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1A (Official Form 1, Exhibit A) (9/97)
*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Maryland

In re    **First Mariner Bancorp**                                         Case No.
                                                Debtor(s)              Chapter    **11**

# EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is
   **0-21815**    .

2. The following financial data is the latest available information and refers to the debtor's condition on    **12/31/2013**    .

   a. Total assets                                                  $                5,457,500.00

   b. Total debts (including debts listed in 2.c., below)           $               60,529,848.00

   c. Debt securities held by more than 500 holders:                                     Approximate
                                                                                          number of
                                                                                           holders:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $                0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $                0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $                0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $                0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $                0.00 | 0 |

   d. Number of shares of preferred stock                                    0                    0

   e. Number of shares common stock                              19,705,896                        0

      Comments, if any:

3. Brief description of Debtor's business:
   **Bank Holding Company**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **Edwin F. Hale, Sr.**

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## District of Maryland

In re    **First Mariner Bancorp**      Case No. _____

                          Debtor(s)       Chapter      **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Wells Fargo Bank, N.A., Trustee f/b/o Mariner Capital Trust III Attn:  Corporate Trust Administration 919 Market Street, Suite 700 Wilmington, DE 19801** | **Wells Fargo Bank f/b/o Mariner Capital Trust III Attn:  Corporate Trust Administration Wilmington, DE 19801** | **Trust Preferred Securities** | | 17,790,734.61 |
| **Wilmington Trust Company, Trustee f/b/o Mariner Capital Trust V Attn:  Corporate Trust Administration Rodney Square N 1100 N. Market Street Wilmington, DE 19890-1600** | **Wilmington Trust Company, Trustee f/b/o Mariner Capital Trust V Attn:  Corporate Trust Administration Wilmington, DE 19890-1600** | **Trust Preferred Securities** | | 12,173,439.52 |
| **Wells Fargo Bank, Nat'l Assoc., Trustee f/b/o Mariner Capital Trust VI Attn:  Corporate Trust Administration 919 Market Street, Suite 700 Wilmington, DE 19801** | **Wells Fargo Bank, Nat'l Assoc., Trustee f/b/o Mariner Capital Trust VI Attn:  Corporate Trust Administration Wilmington, DE 19801** | **Trust Preferred Securities** | | 11,521,027.36 |
| **The Bank of New York, Trustee f/b/o Mariner Capital Trust II Attn:  Corporate Trust Administration White Clay Center, Route 273 Newark, DE 19711** | **The Bank of New York, Trustee f/b/o Mariner Capital Trust II Attn:  Corporate Trust Administration Newark, DE 19711** | **Trust Preferred Securities** | | 7,294,502.24 |
| **Wells Fargo Bank, Nat'l Assoc., Trustee f/b/o Mariner Capital Trust IV Attn:  Corporate Trust Administration 919 Market Street, Suite 700 Wilmington, DE 19801** | **Wells Fargo Bank, Nat'l Assoc., Trustee f/b/o Mariner Capital Trust IV Attn:  Corporate Trust Administration Wilmington, DE 19801** | **Trust Preferred Securities** | | 5,998,858.96 |

B4 (Official Form 4) (12/07) - Cont.

In re    **First Mariner Bancorp** _____    Case No. _____

                                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| _Name of creditor and complete mailing address including zip code_ | _Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted_ | _Nature of claim (trade debt, bank loan, government contract, etc.)_ | _Indicate if claim is contingent, unliquidated, disputed, or subject to setoff_ | _Amount of claim [if secured, also state value of security]_ |
| **Wilmington Trust Company, Trustee f/b/o Mariner Capital Trust VII Attn:  Corporate Trust Administration Rodney Square N 1100 N. Market Street Wilmington, DE 19890-1600** | **Wilmington Trust Company, Trustee f/b/o Mariner Capital Trust VII Attn:  Corporate Trust Administration Wilmington, DE 19890-1600** | **Trust Preferred Securities** | | **5,661,718.46** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**B4 (Official Form 4) (12/07) - Cont.**

In re  **First Mariner Bancorp**                                    Case No. _____

Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

     I, the Chief Executive Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **February 9, 2014**                Signature  **/s/ Mark A. Keidel**

                                                          **Mark A. Keidel**

                                                          **Chief Executive Officer**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court
## District of Maryland

In re    **First Mariner Bancorp**                                    Case No.

_____
Debtor(s)                              Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true

and correct to the best of my knowledge.

Date:    **February 9, 2014**                         **/s/ Mark A. Keidel**

**Mark A. Keidel/Chief Executive Officer**
Signer/Title

Comptroller of Maryland
Compliance Division
110 Carroll Street, Correspondence Unit
Annapolis, MD 21411


Federal Deposit Insurance Corporation
Attention: Julie Howland
350 Fifth Avenue
New York, NY 10118-0110


Federal Reserve Bank of Richmond
Attention: Richard Gilbert
701 East Byrd Street
Richmond, VA 23219


Internal Revenue Service
Centralized Insolvency Unit
P. O. Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Special Procedures - Insolvency Unit
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201


Office of the Commission of
Financial Regulation
Attn: Mark Kaufman, Commissioner
500 N. Calvert Street, Suite 402
Baltimore, MD 21202


The Bank of New York, Trustee
f/b/o Mariner Capital Trust II
Attn: Corporate Trust Administration
White Clay Center, Route 273
Newark, DE 19711

```
Wells Fargo Bank, N.A., Trustee
f/b/o Mariner Capital Trust III
Attn: Corporate Trust Administration
919 Market Street, Suite 700
Wilmington, DE 19801


Wells Fargo Bank, Nat'l Assoc., Trustee
f/b/o Mariner Capital Trust IV
Attn: Corporate Trust Administration
919 Market Street, Suite 700
Wilmington, DE 19801


Wells Fargo Bank, Nat'l Assoc., Trustee
f/b/o Mariner Capital Trust VI
Attn: Corporate Trust Administration
919 Market Street, Suite 700
Wilmington, DE 19801


Wilmington Trust Company, Trustee
f/b/o Mariner Capital Trust VII
Attn: Corporate Trust Administration
Rodney Square N 1100 N. Market Street
Wilmington, DE 19890-1600


Wilmington Trust Company, Trustee
f/b/o Mariner Capital Trust V
Attn: Corporate Trust Administration
Rodney Square N 1100 N. Market Street
Wilmington, DE 19890-1600
```

# United States Bankruptcy Court
## District of Maryland

In re    **First Mariner Bancorp**

Debtor(s)

Case No.

Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **First Mariner Bancorp** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**February 9, 2014**

Date

**/s/ Lawrence J. Yumkas**

**Lawrence J. Yumkas 06357**

Signature of Attorney or Litigant

Counsel for    **First Mariner Bancorp**

**Yumkas, Vidmar & Sweeney, LLC**
**2530 Riva Road, Suite 400**
**Annapolis, MD 21401**
**443-569-0758 Fax:410-571-2798**
**lyumkas@yvslaw.com**

# RESOLUTIONS
## OF THE
## BOARD OF DIRECTORS
## OF
## FIRST MARINER BANCORP

February 7, 2014

**WHEREAS**, the Board of Directors (the "Board") of First Mariner Bancorp (the "Company") has considered the difficult financial state of the Company's primary asset, 100% ownership of First Mariner Bank, a Maryland-chartered trust company (the "Bank"), as well as the requirements imposed by the regulators of the Company and the Bank with respect to the achievement of specified capital levels;

**WHEREAS**, on or about February 6, 2014, there will be an event of default under certain of the junior subordinated debentures (the "Debentures") issued by the Company, which will in turn cause an event of default under certain trust preferred securities ("TRUPs") issued by certain statutory trusts in connection with the Debentures and certain related guarantees (the "Guarantees") issued by the Company in connection with the TRUPs;

**WHEREAS**, the occurrence of event of default under the Debentures, TRUPs and Guarantees will permit the trustee thereunder and/or the holders of TRUPs to declare the obligations under the Debentures, TRUPs and Guarantees to be due and payable immediately and to take certain other actions thereunder;

**WHEREAS**, in light of the foregoing and other considerations, the Board has determined that it is in the best interests of the Company and its stakeholders to transfer and sell all of its shares of the Bank and certain Bank-related assets (collectively, the "Company Assets") pursuant to that certain Merger and Acquisition Agreement, by and among the Debtor, the Bank and RKJS Bank, attached hereto as Exhibit A (the "M&A Agreement"), subject to the Company soliciting higher or otherwise better offers for the Company Assets;

**WHEREAS**, the M&A Agreement requires that the transaction contemplated thereunder be consummated pursuant to section 363 of chapter 11 of the United States Bankruptcy Code, § 11 U.S.C. § 101-1532 (the "Bankruptcy Code") and the Board has therefore determined that it is desirable and in the best interests of the Company and its stakeholders for the Company to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code in order to effectuate the transactions contemplated by the M&A Agreement;

**WHEREAS**, the Company does not have sufficient funds to consummate the M&A Agreement and the Board has therefore determined that it is in the best interests of the Company and its stakeholders to (i) obtain financing pursuant to that certain Superpriority Debtor-in-Possession Credit Agreement by and between RKJS Bank and the Company (the "DIP Credit Agreement") to satisfy obligations in connection with consummation of the M&A Agreement; and (ii) to grant a security interest in the Company's assets to RKJS Bank to secure the obligations under the DIP Credit Agreement; and

**WHEREAS**, the Board has reviewed the M&A Agreement and the DIP Credit Agreement.

**NOW THEREFORE**, it is hereby:

**RESOLVED**, that the Company is authorized to (1) file the Petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (Baltimore Division) (the "Bankruptcy Court"); (2) enter into the M&A Agreement and any other agreements related thereto and effectuate the transactions contemplated thereunder; and (3) enter into the DIP Loan Agreements and any other agreements related thereto (collectively, the "DIP Loan Documents") and obtain postpetition financing and effectuate other transactions contemplated thereunder, including granting a security interest in the Company's assets to RKJS Bank; and it is further

**RESOLVED**, that the interim Chief Executive Office (the "Authorized Officer") is authorized, empowered, and directed to cause the Company to (1) file the Petition; (2) enter into and deliver the M&A Agreement and effectuate the transactions contemplated thereunder in the name of and on behalf of the Company, and his execution and delivery of such M&A Agreement shall be conclusive evidence of its authorization hereunder; and (3) enter into and deliver the DIP Loan Documents and effectuate the transactions contemplated thereunder in the name of and on behalf of the Company and obtain postpetition financing thereunder, and his execution and delivery of such DIP Loan Documents shall be conclusive evidence of their authorization hereunder; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered and directed, in the name and on behalf of the Company, to execute, approve and verify (1) the Petition or any ancillary documents required to be filed in connection therewith under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, or the Local Bankruptcy Rules for District of Maryland; (2) requests for relief from the Bankruptcy Court that such Authorized Person may, in consultation with the Bankruptcy Advisors (as defined below), deem necessary, proper, or desirable; (3) motions, other pleadings, or papers required to effectuate the transfer and sale of the Company Assets, whether pursuant to the M&A Agreement or an alternative transaction; (4) motions, other pleadings, or papers required to authorize the Company to obtain postpetition financing and grant security interests under the DIP Loan Documents; and (5) any motions, pleadings and other papers that the Authorized Officer may, in consultation with the Bankruptcy Advisors, deem necessary, proper, or desirable in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to employ and retain, on behalf of the Company in connection with its bankruptcy case, subject to the approval of the Bankruptcy Court: (1) Kilpatrick Townsend & Stockton LLP (as regulatory and corporate counsel), (2) Kramer Levin Naftalis & Frankel LLP (as bankruptcy counsel), (3) Yumkas, Vidmar & Sweeney, LLC (as local Maryland bankruptcy counsel), (4) Sandler O'Neill + Partners, L.P. (as investment banker and financial adviser), and (5) any other advisors and professionals that the Authorized Officer may deem necessary or desirable to manage or prosecute the Company's bankruptcy case (the foregoing, the "Bankruptcy Advisors").

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

Print Name: _PATRICIA L. SCHMOKE_

5

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

Print Name: Hector Torres

3

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

_Michael P. Watson_
Print Name:

3

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

Print Name: John J. Oliver, Jr

3

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

Print Name: George H. Mantakos

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

Gregory A Devou.

Print Name:

3

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

BARRY B. BONDROFF
Print Name:

3

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

Print Name:

3

RESOLVED, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

RESOLVED, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

RESOLVED, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

RESOLVED, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

_____ROBERT L. CARET_____
Print Name:

3

**RESOLVED**, that, in its capacity as sole shareholder of the Bank, the Company approves the M&A Agreement under Section 3-708 of Title 3 of the Maryland Code; and it is further

**RESOLVED**, that, without limiting any of the foregoing resolutions, the Authorized Officer is also authorized, empowered, and directed to take and perform any and all such further acts and deeds that the Authorized Officer may deem, in consultation with the Bankruptcy Advisors, necessary, desirable or proper in connection with the Company's bankruptcy case; and it is further

**RESOLVED**, that the Authorized Officer is authorized, empowered, and directed to take or cause to be taken any and all such further actions (including, without limitation, to cause to be prepared, executed and delivered any instruments and documents, and to incur any expenses) as the Authorized Officer or his designees may, in consultation with the Bankruptcy Advisors, deem necessary, desirable, or proper in order to carry out the purpose and intent of the foregoing resolutions and the matters and transactions contemplated thereby; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Authorized Officer or his designees or any member of the Board in the name and on behalf of the Company, in furtherance or in connection with any of the foregoing matters are, ratified, confirmed and approved.

JOHN BROWN III
Print Name:

3