IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| FIRST MARINER BANCORP | * | Case No: 14-11952-DER |
| | | (Chapter 11) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO SHORTEN TIME PERIOD TO RESPOND TO (A) THE BID AND AUCTION PROCEDURES AND STALKING HORSE PROVISIONS CONTAINED IN DEBTOR'S SALE MOTION AND (B) THE DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN DEBTOR-IN-POSSESSION FINANCING

First Mariner Bancorp ("FMAR" or the "Debtor") submits this motion (the "Motion to Shorten") to shorten the time period to respond to the following, which were filed contemporaneously herewith: (a) the Debtor's motion to approve, among other things, the bid and auction procedures with respect to the transfer and sale of the Debtor's assets (the "Purchased Assets") and the fees and expenses payable to RKJS Bank as the "stalking horse" bidder for the Purchased Assets (the "Sale Motion"), and (b) the Debtor's motion for authority to obtain debtor-in-possession financing and related relief (the "DIP Financing Motion"). The Debtor further requests that the Court provide it with a hearing date at its earliest convenience so that the Debtor may include such date in a notice of hearing that it intends to send to its creditors and other parties in interest in this case in accordance with the Local Bankruptcy Rules for the District of Maryland (the "Local Bankruptcy Rules"). In support of the Motion to Shorten, the Debtor represents as follows:

*General Background*

1. On February 10, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Simultaneously with its Chapter 11 filing, the Debtor filed the Sale Motion, seeking authority to effectuate a transfer and sale of its primary asset, 100% of its equity in First Mariner Bank (the "Bank"), together with certain related assets (collectively, the "Purchased Assets"). In connection with the transfer and sale of the Purchased Assets, the Debtor has requested that the Court approve the proposed procedures that will govern the auction of the Purchased Assets (the "Auction Procedures").

3. Because the Debtor does not have any independent operations, it lacks sufficient funds to consummate the proposed transaction (the "M&A Transaction"). Thus, the Debtor is seeking authority to obtain a secured, superpriority, non-priming postpetition revolving loan facility (the "DIP Facility") to be provided by RKJS Bank, in an amount of up to $2,500,000, which financing will function as a "bridge" to the closing of transfer and sale of the Purchased Assets.

*The Deadlines in the M&A Agreement and the Need for an Expedited Hearing*

4. Although the Bank is not a debtor and its operations should not be affected by these bankruptcy proceedings, there is nevertheless a risk that the Debtor's bankruptcy may cause the Bank's customers to make mass deposit withdrawals, which may in turn cause the Bank's regulators to respond by placing the Bank in a receivership or conservatorship. As such, consummating the transfer and sale of the Purchased Assets as promptly as possible will restore customer confidence and maintain the value of the assets.

5. As described in more detail in the Sale Motion, the Merger and Acquisition Agreement (the "M&A Agreement") that governs the transaction to transfer and sell the Purchased Assets to RKJS Bank requires that the transfer and sale of the Purchased Assets be consummated as quickly as possible (in accordance with the timeline set forth therein) in order to avoid dissipation of the value of the assets due to a prolonged sale process. Under the M&A Agreement, the Auction Procedures must be approved no later than 25 days following the Petition Date – i.e., by March 7, 2014. *See* M&A Agreement § 5.19(a).[1]

6. Rule 4001-4 of the Local Bankruptcy Rules requires that parties in interest be provided at least 14 days to object to motions to obtain post-petition financing. If the hearing on the DIP Financing Motion (and Auction Procedures) is scheduled for March 7, with an objection deadline of February 25 (i.e., 10 days before the hearing), then the objection deadline will fall more than 14 days after the filing of the DIP Financing Motion (i.e., February 10), and relief from Local Bankruptcy Rule 4001-4 will not be necessary. However, if the hearing is scheduled for March 5 or earlier, relief from Local Bankruptcy Rule 4001-4 will be required. Accordingly, out of an abundance of caution, the Debtor is filing this Motion to Shorten seeking authority to set a hearing date and objection deadline for the hearing on the DIP Financing Motion and to reduce the usual notice and objection period, if necessary.

7. Relief from the notice and objection period applicable to approval of the Auction Procedures will be necessary in any event. Pursuant to Local Bankruptcy Rule 2002-1(a), a motion to approve auction procedures requires 21 days for parties in interest to object. The Debtor will be unable to meet the March 7 deadline in the M&A Agreement if it is required to adhere to the 21-day objection period specified in the Local Bankruptcy Rule.

---

[1] A copy of the M&A Agreement is attached as Exhibit B to the Sale Motion.

*Relief Requested*

8. In view of the deadlines contained in the M&A Agreement, and the threat of dissipation in the value of its assets, the Debtor requests that a hearing to approve the Auction Procedures and the DIP Financing Motion be scheduled for no later than March 7, 2014. The Debtor further requests that the deadline to object to the Auction Procedures and the DIP Financing Motion be set for the date that is 10 days before the hearing, so that it may have adequate time to respond to any such objections.

9. Cause exists to reduce the notice and objection period (as necessary) in this instance pursuant to Bankruptcy Rule 9006(c)(1) because the M&A Transaction requires that Auction Procedures be approved by the Court within 25 days of the Petition Date. Shortening the notice period and the time for parties-in-interest to file objections, if any, to the Auction Procedures and DIP Financing Motion will provide the Debtor with a sufficient amount of time to resolve, or attempt to resolve, any such objections prior to the Court's consideration of the Auction Procedures and DIP Financing Motion within the time constraints required by the terms of the M&A Transaction.

10. The Debtor submits that no party in interest will be prejudiced by shortening the time to respond to the Sale Motion (as it relates to the Auction Procedures) and the DIP Financing Motion as requested herein.

11. The Debtor will rely solely on this Motion to Shorten Time in making its request and that no supporting memorandum of law will accompany this Motion to Shorten.

WHEREFORE, the Debtor requests that this Court enter an Order:

(i) Scheduling a hearing to consider approval of the DIP Financing Motion and Auction Procedures such that the Debtor may obtain approval for the DIP Financing Motion and Auction Procedures by no later than March 7, 2014;

(ii) Setting an objection deadline that is 10 days prior to the date of the scheduled hearing on the DIP Financing Motion and Auction Procedures, and, to the extent necessary, authorizing the shortening of any Federal Rules of Bankruptcy Procedures or Local Rules of Bankruptcy Procedure for the District of Maryland that would otherwise require a greater period of time in which to object;

(iii) Permitting replies to any timely filed objection to the DIP Financing Motion and the Auction Procedures to be filed no later than 5:00 pm on the date that is two days before the hearing to consider the DIP Financing Motion and Auction Procedures; and

(iv) Granting such other relief as the Court deems just and appropriate.

Dated: February 10, 2014

/s/ Lawrence J. Yumkas
Lawrence J. Yumkas, 06357
Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland  21401
(443) 569-0758
lyumkas@yvslaw.com

Robert T. Schmidt
Joshua K. Brody
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100
rschmidt@kramerlevin.com
jbrody@kramerlevin.com

*Proposed Counsel for Debtor*

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2014, notice of filing of the Motion to Shorten Time Period to Respond to (A) the Bid and Auction Procedures and Stalking Horse Provisions Contained in Debtor's Sale Motion and (B) the Debtor's Motion for Authority to Obtain Debtor-In-Possession Financing (the "Motion") was sent electronically to those parties listed on the docket as being entitled to such electronic notice, and a copy of the Motion was mailed first class, postage prepaid to the parties on the attached service list.

                                                /s/ Catherine Nownes-Whitaker
                                                Catherine Nownes-Whitaker

| | | |
|---|---|---|
| First Mariner Bank<br>Attn: Joseph F. Howard,<br>Sr. Vice President, General Counsel<br>1501 S. Clinton St.<br>Baltimore, MD 21224 | The Bank of New York, Trustee<br>f/b/o Mariner Capital Trust II<br>Attn: Corporate Trust Administration<br>White Clay Center, Route 273<br>Newark, DE 19711 | Wells Fargo Bank, NA, Trustee<br>f/b/o Mariner Capital Trust III<br>Attn: Corporate Trust Administration<br>919 Market St. Suite 700<br>Wilmington, DE 19801 |
| Wells Fargo Bank, NA, Trustee<br>f/b/o Mariner Capital Trust IV<br>Attn: Corporate Trust Administration<br>919 Market St. Suite 700<br>Wilmington, DE 19801 | Wells Fargo Bank, NA, Trustee<br>f/b/o Mariner Capital Trust VI<br>Attn: Corporate Trust Administration<br>919 Market St. Suite 700<br>Wilmington, DE 19801 | Wilmington Trust Company, Trustee<br>f/b/o Mariner Capital Trust V<br>Attn: Corporate Trust Administration<br>Rodney Square N 1100 N. Market St.<br>Wilmington, DE 19890-1600 |
| Comptroller of Maryland<br>Compliance Division<br>110 Carroll Street<br>Annapolis, MD 21411 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | IRS<br>Special Procedures – Insolvency Unit<br>31 Hopkins Plaza Room 1150<br>Baltimore, MD 21201 |
| Federal Deposit Insurance Corporation<br>Julie Howland<br>350 Fifth Avenue<br>New York, NY 10118-0110 | Federal Reserve Bank of Richmond<br>Richard Gilbert<br>701 East Byrd Street<br>Richmond, VA 23219<br>Local: 804-697-8000 | |

The following parties received electronic notice of the filing:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>101 West Lombard Street<br>Baltimore, Maryland 21201 | Gary R. Bronstein, Esquire<br>Kilpatrick Townsend & Stockton LLP<br>607 14th Street, NW Suite 900<br>Washington, DC 20005-2018 | Joel Rappoport, Esquire<br>Kilpatrick Townsend & Stockton LLP<br>607 14th Street, NW Suite 900<br>Washington, DC 20005-2018 |
| Joshua Brody, Esquire<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | Robert T. Schmidt, Esquire<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 | Edward S. Stein<br>Sandler O'Neill & Partners LP<br>1251 Avenue of the Americas<br>6th Floor<br>New York, NY 10020 |
| Richard Wasserman, Esquire<br>Venable, LLP<br>750 E Pratt St #900<br>Baltimore, MD 21202 | | |