IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                              *

FIRST MARINER BANCORP                               *        Case No: 14-11952-DER
                                                             (Chapter 11)
    Debtor                                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

NOTICE OF INTERIM ORDER ESTABLISHING
NOTIFICATION AND HEARING PROCEDURES
FOR TRANSFERS OF CERTAIN EQUITY SECURITIES

    PLEASE TAKE NOTICE THAT on February 10, 2014 (the "Petition Date"), First Mariner Bancorp ("FMAR" or the "Debtor"), commenced a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. **Please note that the Bank is not a debtor in this bankruptcy case and it continues to operate in the ordinary course of its business. Accordingly, the Bank's deposits continue to be insured by the Federal Deposit Insurance Corporation to the fullest extent possible.**

    **IF YOU HAVE ANY QUESTIONS WITH RESPECT TO THIS NOTICE, PLEASE FEEL FREE TO CONTACT THE DEBTOR'S COUNSEL AT** FMAR@omnimgt.com **or (866) 205-3145 (a toll-free number).**

    PLEASE TAKE FURTHER NOTICE THAT on the same date, the Debtor filed a motion for emergency relief in the form of an interim order to establish notification and hearing procedures on certain transfers of FMAR's common stock [Docket No. 6] (the "Motion").[1]

    PLEASE TAKE FURTHER NOTICE THAT on February 11, 2014, the United States Bankruptcy Court for the District of Maryland, Baltimore Division (the "Court") held a hearing on the Motion and entered an Interim Order approving the procedures set forth below (the "Trading Procedures") [Docket No. 30]. The Trading Procedures will generally apply to any person who owns, directly or indirectly, more than 4.75% of FMAR's common stock.

    PLEASE TAKE FURTHER NOTICE THAT pursuant to the Interim Order, the following Trading Procedures shall apply to holding and trading in FMAR's equity securities:

a. Any Person (as defined in paragraph "f" below) who currently is or becomes a Substantial Shareholder (as defined in paragraph "f" below) must file with the Court, 101 W Lombard Street, Baltimore, MD 21201, and serve upon the Debtor's bankruptcy counsel, Kramer Levin Naftalis & Frankel LLP, Attn: Robert T. Schmidt and Joshua K. Brody, 1177 Avenue of the Americas, New York, NY 10036, a declaration of such status in the form of **Exhibit C** attached to the Motion (each, a "Declaration of Status"), on or before the later of (i) 30 days after the date the Debtor serves a notice of entry of the Interim Order (the "Notice of Order") and (ii) ten days after becoming a Substantial Shareholder.

b. If a Person intends to effectuate any transfer of Beneficial Ownership (as defined in paragraph "f" below) of Equity Securities that would result in either (i) an increase in the amount of Equity Securities (as defined in paragraph "f" below) of which a Person has Beneficial Ownership, if such Person is already a Substantial Shareholder, or (ii) such Person becoming a Substantial Shareholder, such Person must file with the Court, and serve upon counsel to the Debtor, an advance written declaration of the intended transfer of Equity Securities, in the form of **Exhibit E** attached to the Motion (each, a "Declaration of Intent to Purchase").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

c. Prior to effectuating any transfer of Beneficial Ownership of Equity Securities that (i) would result in a decrease in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or (ii) would result in a Person ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon counsel to the Debtor, an advance written declaration of the intended transfer of Equity Securities in the form of **Exhibit F** attached to the Motion (each, a "Declaration of Intent to Sell" and with a Declaration of Intent to Purchase, each, a "Declaration of Proposed Transfer").

d. The Debtor will have 15 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court, and serve on such Substantial Shareholder or potential Substantial Shareholder, an objection to any proposed transfer of Beneficial Ownership of Equity Securities described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtor's or the Bank's ability to utilize NOLs. If the Debtor files an objection, such transaction is not effective unless such objection is withdrawn by the Debtor or such transaction is approved by a final order of the Court that is no longer subject to appeal. If the Debtor does not object within such 15-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph 29 must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 15-day waiting period for each such additional Declaration of Proposed Transfer.

e. Any acquisition, disposition, or other transfer of the Equity Securities of the Debtor in violation of the Trading Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

f. For purposes of these Trading Procedures:

"Beneficial Ownership" of Equity Securities is determined under IRC section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option or warrant to acquire.

"Equity Securities" means common stock of FMAR or of any beneficial interest therein (including Options with respect thereto).

"Option" means an option to acquire equity securities, including any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

"Person" shall have the same meaning as the term "person" in IRC section 7701(a)(1).

"Substantial Shareholder" means any Person that has Beneficial Ownership of at least 936,443 shares of FMAR's common stock (representing approximately 4.75% of all issued and outstanding shares of FMAR common stock).[2]

ANY ACQUISITION, DISPOSITION, OR OTHER TRANSFER OF EQUITY SECURITIES OF THE DEBTOR IN VIOLATION OF THE TRADING PROCEDURES SHALL BE NULL AND VOID AB INITIO AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the entry of an order granting the relief requested in the Motion on a final basis will be held on **March 7, 2014 at 10:00 a.m.** Any responses or objections to the relief requested in the Motion must be made in writing, state with particularity the grounds on

---

[2] Based on a total of 19,714,592 shares of common stock outstanding as of January 30, 2014.

which the objection is based, and filed with the Court and served so as to be received by the following parties by no later than **February 28, 2014 at 5:00 p.m.**: (i) the Debtor's bankruptcy counsel, Kramer Levin Naftalis & Frankel LLP, Attn: Robert T. Schmidt and Joshua K. Brody, 1177 Avenue of the Americas, New York, NY 10036; (ii) the Debtor's local Maryland bankruptcy counsel, Yumkas, Vidmar & Sweeney, LLC, Attn: Lawrence J. Yumkas, 2530 Riva Road, Suite 400, Annapolis, MD 2140; (iii) the Debtor's special transaction and regulatory counsel, Kilpatrick Townsend & Stockton LLP, Attn: Gary Bronstein and Joel E. Rappoport, 607 14th Street, NW, Suite 900, Washington, DC 20005-2018; (iv) counsel to the Stalking Horse Bidder, Venable LLP, Attn: Richard L. Wasserman, 750 East Pratt Street, Suite 900, Baltimore, Maryland 21202; (v) the Office of the United States Trustee, Attn: Mark A. Neal, 101 West Lombard Street, Suite 2625, Baltimore, Maryland 21201; and (vi) counsel to the official committee of unsecured creditors.

PLEASE TAKE FURTHER NOTICE THAT if no such objections are timely filed and served in accordance with the above requirements, the Court may approve the Motion without further notice.

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this Notice are in addition to the requirements of applicable law and do not excuse compliance therewith.

**Copies of the Motion and the Interim Order can be obtained from the Debtor's free bankruptcy website** www.FMARRestructuring.com**. If you would like physical copies of the Motion and the Interim Order, please make a request from the Debtor's counsel at** FMAR@omnimgt.com **or (866) 205-3145 (a toll-free number).**

Dated:     February 12, 2014                                             /s/ *Lawrence J. Yumkas*
                                                                                    Lawrence J. Yumkas, 06357
                                                                                    Yumkas, Vidmar & Sweeney, LLC
                                                                                    2530 Riva Road, Suite 400
                                                                                    Annapolis, Maryland  21401
                                                                                    (443) 569-0758
                                                                                    lyumkas@yvslaw.com

                                                                                    Robert T. Schmidt
                                                                                    Joshua K. Brody
                                                                                    Kramer Levin Naftalis & Frankel LLP
                                                                                    1177 Avenue of the Americas
                                                                                    New York, New York  10036
                                                                                    (212) 715-9100
                                                                                    rschmidt@kramerlevin.com
                                                                                    jbrody@kramerlevin.com

                                                                                    *Proposed Counsel for Debtor*

4845-0872-9368, v. 1