IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| FIRST MARINER BANCORP | * | Case No: 14-11952-DER |
| | | (Chapter 11) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

SUPPLEMENTAL DECLARATION OF WILLIAM L. BOYAN, III IN
SUPPORT OF APPLICATION OF THE DEBTOR TO RETAIN AND EMPLOY
SANDLER O'NEILL & PARTNERS, L.P. AS ITS FINANCIAL ADVISOR

I, William L. Boyan, III, make this supplemental declaration ("Supplemental Declaration") in further support of First Mariner Bancorp's ("FMAR" or the "Debtor") Application to Employ Sandler O'Neill & Partners, L.P. ("Sandler O'Neill") as its financial advisor (the "Sandler Application"):

1. I am a Managing Director in the Investment Banking Group of Sandler O'Neill, the financial advisor to the Debtor, and I am duly authorized to make this Supplemental Declaration on behalf of Sandler O'Neill.

2. On February 13, 2014, the Debtor filed the Sandler Application, in support of which Sandler O'Neill filed a declaration, executed by me on behalf of Sandler O'Neill, in accordance with the applicable sections of the Bankruptcy Code (the "Original Declaration").

3. On March 7, 2014, this Court entered an order approving the Sandler Application [Dkt. No. 119].

4. As stated in the Original Declaration, Sandler O'Neill applied its conflicts check procedures to the names of the parties-in-interest with respect to the Debtor and this bankruptcy case (together, the "Interested Parties") to determine whether Sandler O'Neill has connections to such parties and, if so, whether such connections relate in any way to the proposed representation of the Debtor in these cases.

5. Any necessary disclosures with respect to such Interested Parties were made in Exhibit A to the Original Declaration.[1] At the time of the Original Declaration, one such Interested Party was RKJS Bank, which was a "stalking horse" bidder with respect to the Debtor's assets. Accordingly, Sander O'Neill researched any relationships with RKJS and its investors and any and all such relationships were disclosed in Exhibit A to the Original Declaration.

6. As also noted in the Original Declaration, Sandler O'Neill anticipated that it would supplement the Original Declaration from time to time, as appropriate, in the event there became additional entities that are Interested Parties or further investigation of the Interested Parties yielded additional information material to Sandler O'Neill's engagement.

7. Since filing the Original Declaration, Sandler O'Neill had marketed the Debtor's assets and conducted an auction with respect thereto. One additional party came forward as an interested bidder and participated in such auction: National Penn Bancshares, Inc. ("National Penn"). National Penn made an official bid for the Debtor's assets on April 7, 2014.

8. My understanding from counsel to the Debtor is that, at the time of the Original Declaration, National Penn was not an Interested Party given that it had no existing relationship to the Debtor or its bankruptcy case. Accordingly, Sandler O'Neill did not run a conflict check on National Penn at that time. Once National Penn was identified as an additional bidder, Sandler O'Neill applied its conflicts check procedures to National Penn to determine Sandler O'Neill's relationships with National Penn during the last twelve months. This search disclosed that, in January 2014, Sandler O'Neill received a $200,000 fee from National Penn for financial advisory work relating to National Penn's repurchase of common stock from Warburg Pincus LLC. That representation concluded before National Penn's bid was received. In addition, Sandler O'Neill has received commissions, mark-ups and/or mark-downs in the ordinary course of its business as a broker dealer in connection with the purchase and/or sale of fixed income securities to or from National Penn and/or certain of its affiliates or subsidiaries.

---

[1] This Supplemental Declaration is made to supplement those disclosures already made in the Original Declaration and does not discuss those parties discussed in the Original Declaration.

Those transactions occurred at market rates.  None of these representations related in any way to the Debtor, its assets or its bankruptcy case.

9. Except for the foregoing, Sandler O'Neill has no current or previous relationships with National Penn or any other Interested Parties during the last 12 months.

10. If any new, material, or relevant facts or relationships are discovered, Sandler O'Neill will promptly file further supplemental declarations to disclose such facts and/or relationships.

I declare under penalty of perjury that, based upon my knowledge, information and belief as set forth in this Supplemental Declaration, the foregoing is true and correct. Executed this 24th day of April 2014.

        SANDLER O'NEILL & PARTNERS, L.P.

        By:   /s/ *William L. Boyan, III*
            William L. Boyan, III, Managing
            Director, Investment Banking Group

CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of April 2014, notice of filing of the Supplemental Declaration of William L. Boyan, III in Support of Application of the Debtor to Retain and Employ Sandler O'Neill & Partners, L.P. as its Financial Advisor was sent electronically to those parties listed on the docket as being entitled to such electronic notices.

                                          /s/ Lawrence J. Yumkas
                                          Lawrence J. Yumkas