IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

**In re:**

**Capital Trust Holdings, Inc.**
**(f/k/a First Mariner Bancorp)**

**Case No: 14-11952-DER**
**(Chapter 11)**

**Debtor**

## CERTIFICATION OF PAUL H. DEUTCH OF RUST CONSULTING/OMNI BANKRUPTCY WITH RESPECT TO SOLICITATION AND TABULATION OF VOTES WITH RESPECT TO THE FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF CAPITAL TRUST HOLDINGS, INC. (F/K/A FIRST MARINER BANCORP) PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

PAUL H. DEUTCH, being duly sworn, deposes and says under penalty of perjury as follows:

1. I am the Executive Managing Director of Rust Consulting/Omni Bankruptcy ("Rust/Omni"), the Court-appointed noticing, claims and balloting agent for the above-captioned debtor and debtor-in-possession (collectively, the "Debtor"). Pursuant to the Court's Order Authorizing the Retention of Rust Consulting/Omni Bankruptcy as Claims and Noticing Agent Under 28 U.S.C. § 156(c), entered on March 13, 2014, Rust/Omni has been retained to perform services in this case as noticing, claims and balloting agent. Such services include the solicitation and tabulation of votes to accept or reject the *First Amended Chapter 11 Plan of Liquidation of Capital Trust Holdings, Inc. (f/k/a First Mariner Bancorp)*, filed on October 16, 2014 (the "Plan"). I am authorized to submit this certification on behalf of Rust/Omni. Unless otherwise stated in this certification, I have personal knowledge of the facts hereinafter set forth, and if called as a witness, could and would testify completely thereto.

2. Unless the context indicates otherwise, capitalized terms used herein but not defined shall have the definitions set forth in the Plan.

3. Except for services rendered as the Debtor's noticing and claims agent, Rust/Omni has no relationship or affiliation with the Debtor and is not a creditor of the Debtor.

4. Rust/Omni has extensive experience in tabulating the ballots of creditors and interest holders with respect to chapter 11 plans.

5. Pursuant to the terms of the Order (I) Approving the Second Amended Disclosure Statement for the Debtor's First Amended Chapter 11 Plan, (II Establishing Procedures for Solicitation and Tabulation of Votes to Accept, Reject, or Abstain From the Plan, (III) Scheduling a Confirmation Hearing, (IV) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (V) Granting Related Relief, entered on October 21, 2014 (the "Solicitation Procedures Order"), the Debtor was instructed, with the assistance of Rust/Omni, to solicit and tabulate votes from holders of all claims entitled to vote on the Plan in accordance with specified voting procedures (the "Solicitation Procedures").

6. As specified in the Solicitation Procedures Order, the record date for purposes of the solicitation of votes (the "Voting Record Date") on the Plan was October 17, 2014. I supervised the solicitation and tabulation of votes performed by Rust/Omni on behalf of the Debtor in connection with the Plan pursuant to the Solicitation Procedures Order.

7. I certify that, in accordance with the Solicitation Procedures Order, each holder of a claim in Class 2 that was entitled to vote as of the Voting Record Date was mailed a Solicitation Package (as such term is defined in the Solicitation Procedures Order). See Certificate of Service, sworn to on October 22, 2014 [Docket No. 362], Supplemental Certificate

of Service, sworn to on October 29, 2014 [Docket No. 363], Second Supplemental Certificate of Service, sworn to on October 29, 2014 [Docket No. 364].

8. Pursuant to the Solicitations Procedures Order, all completed ballots were required to be mailed to Capital Trust Holdings Tabulation c/o Rust Consulting/Omni Bankruptcy, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, which address was listed on the ballots, so as to be received by Rust Omni no later than 4:00 p.m. (Prevailing Eastern Time) on November 26, 2014 (the "Voting Deadline").

9. Ballots returned by mail, hand delivery or overnight courier, were received by Rust/Omni personnel at Rust/Omni's offices in Woodland Hills, California. Upon receipt of the envelopes containing ballots, Rust/Omni followed the following procedures:

- As ballots were received they were date-stamped and then opened. The ballots were then separated by those ballots that contained a unique ballot identifier as included by Rust/Omni in their preprinted ballots and by those ballots returned without such a ballot identifier.
- Each ballot was then reviewed and the key data was entered into balloting system including (a) the creditor's name, addresses (if modified), phone number (if provided), date received, class and claim amount; and (b) whether the creditor voted to accept or reject the Plan.
- After such data entry took place, two ballot entry specialists would work in tandem to review each original ballot and compare it with the data captured for such ballot, as reflected in Rust/Omni's computer database. Any errors detected in Rust/Omni's records would be corrected.
- In accordance with the Solicitation Procedures, disqualifying errors with respect to a ballot – for example, the failure of a ballot to be

signed or failure to indicate acceptance or rejection of the Plan – would be captured in Rust/Omni's computer database.

- At the exact time of the Voting Deadline, a Rust/Omni supervisor or equivalent was in the lobby of Omni's offices to collect any last-minute ballots, and to establish a clear cut-off for the acceptance of timely ballots.

10. During the solicitation period, Rust/Omni, including myself, were in communication with various voting parties (including various Master Ballot Agents and individual holders of Class 2 claims) to address any questions they had with respect to the voting process. In certain instances, Rust/Omni (after consultation with the Debtor) permitted reasonable accommodations that deviated from the Solicitation Procedures to encourage voting. For example, the Debtor agreed to accept a facsimile copy of the ballot where the creditor indicated that it could not reasonably submit the ballot by the Voting Deadline and to accept a late filed vote from another creditor.

11. All properly executed ballots received by Rust/Omni prior to the Voting Deadline (except where the Debtor extended the deadline) were tabulated in accordance with the process described above, and in accordance with the Solicitation Procedures and the Solicitation Procedures Order. Rust/Omni is in possession of each such ballot received, and copies of such ballots are available for review.

12. The following table summarizes the results of Rust Omni's tabulation of such ballots:

| Class 2 – General Unsecured Claims | | Result |
|---|---|---|
| **Ballots Received** | 37 votes accepted the Plan. 0 votes rejected the Plan. | Accept |

| | | |
|---|---|---|
| **Acceptance** | 100% in number of voted claims accepted the Plan<br>100% ($15,292,419) in dollar amount of voted claims accepted the Plan | |
| **Rejection** | 0.00% in number of voted claims rejected the Plan<br>0.00% ($0.00) in dollar amount of voted claims rejected the Plan | |
| **Abstention** | 0.00% in number of voted claims abstained from voting<br>0.00% ($0.00) in dollar amount of voted claims abstained from voting | |
| **Opted Out** | 0 votes have opted out of the Third Party Releases (i.e., by checking the opt-out box on the ballot) | |

13. The following table summarizes the results of Rust Omni's tabulation of timely and properly executed ballots *that were cast by non-insiders only*:

| Class 2 – General Unsecured Claims | | Result |
|---|---|---|
| **Ballots Received** | 23 votes accepted the Plan.<br>0 votes rejected the Plan. | Accept |
| **Acceptance** | 100% in number of voted claims accepted the Plan<br>100% ($12,842,412.00) in dollar amount of voted claims accepted the Plan | |
| **Rejection** | 0.00% in number of voted claims accepted the Plan<br>0.00% ($0.00) in dollar amount of voted claims rejected the Plan | |
| **Abstention** | 0.00% in number of voted claims abstained from voting<br>0.00% ($0.00) in dollar amount of voted claims abstained from voting | |
| **Opted Out** | 0 votes have opted out of the Third Party Releases (i.e., by checking the opt-out box on the ballot) | |

14. A detailed list of all ballots received that are the subject of this Certification are set forth at **Exhibit A** hereto. Exhibit A lists, *inter alia*, (a) the ballots received by the Voting Deadline (including the one vote that was permitted to be submitted late); (b) the name of each creditor voting; (c) whether such creditor voted to accept or reject the Plan (d) whether such creditor opted out of the Third Party Releases; (e) the amount of such creditor's

claim for tabulation purposes; and (f) in the event a ballot was not counted for failure to comply with the Solicitation Procedures, a summary of the reason(s) why.

15. To the best of my knowledge, information and belief, Rust/Omni complied with all the relevant requirements of the Solicitation Procedures Order, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure with respect to the solicitation and tabulation of votes on the Plan.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: _____
Paul H. Deutch
Rust Consulting/Omni Bankruptcy

STATE OF CONNECTICUT    )
                        ) SS: Fairfield
COUNTY OF FAIRFIELD     )

Subscribed, sworn to and acknowledged before me by __Paul Deutch__,
_____ on the 1st day of December 2014.

Randi Weinstein
Notary Public
My Commission Expires: 3/31/19

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December 2014, notice of filing the Certification of Paul H. Deutch of Rust Consulting/Omni Bankruptcy with Respect to Solicitation and Tabulation of Votes with Respect to the First Amended Chapter 11 Plan of Liquidation of Capital Trust Holdings, Inc. (f/k/a First Mariner Bancorp) Pursuant to Chapter 11 of the Bankruptcy Code (the "Certification") was sent electronically to those parties listed on the docket as being entitled to such electronic notices, and a copy of the Certification was mailed first class, postage prepaid to the following parties: (i) the United States Trustee; (ii) counsel to the Creditors' Committee; (iii) all creditors who are listed on the Debtor's schedules of assets and liabilities and statements of financial affairs (and any amendments thereto) or who have filed a proof of claim; (iv) all equity interest holders; (v) the Securities and Exchange Commission; (vi) the Federal Deposit Insurance Corporation; (vii) the Federal Reserve Bank of Richmond; (viii) the Internal Revenue Service; (ix) those parties who have requested notice of pleadings in this Chapter 11 case pursuant to Bankruptcy Rule 2002; and (x) any other parties listed on the Debtor's creditor matrix as filed in this bankruptcy case.

      /s/ Catherine Nownes-Whitaker
Catherine Nownes-Whitaker

**EXHIBIT A**

**Tabulation Report**

**Capital Trust Holdings, Inc. (f/k/a First Mariner Bancorp)**
**Case No. 14-11952**
**Ballot Report**

December 1, 2014         1:41:47 PM

### Class 2 - General Unsecured Claims

| Name of Holder | Date Received | Opt Out | Clm\Sch No. | Tax ID | Amount of Claim | Vote | Tabulated Amount | Insider | Comment |
|---|---|---|---|---|---|---|---|---|---|
| Barry B. Bondroff | 11/10/14 | N | C22 | 3464 | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| Barry B. Bondroff | 11/03/10 | N | S960 | 3464 | TPS | Accept | 500,000.00 | X | TPS Claim |
| Bonnie Klapska | 11/24/14 | N | C17 | 1547 | Contingent | Accept | $ 16,250.00 | | Unliquidated claim |
| Brian Picker | 11/17/14 | N | S971 | | TPS | Accept | 250,000.00 | | TPS Claim |
| Broadridge | 11/26/14 | N | Master Ballot | | TPS-Master | Accept | 140,000.00 | | Master Ballot |
| Broadridge | 11/26/14 | N | Master Ballot | | TPS-Master | Accept | 260,000.00 | | Master Ballot |
| Broadridge | 11/26/14 | N | Master Ballot | | TPS-Master | Accept | 1,656,000.00 | | Master Ballot |
| Broadridge | 11/26/14 | N | Master Ballot | | TPS-Master | Accept | 1,944,000.00 | | Master Ballot |
| Curtis Mackinson | 11/24/14 | N | C19 | | $ 11,400.00 | Accept | $ 11,400.00 | | |
| Daniel and Amy Gough | 11/17/17 | N | S963 | 9943 | TPS | Accept | 250,000.00 | | TPS Claim |
| Edward J. Perry | 11/13/14 | N | S970 | 1553 | TPS | Accept | 250,000.00 | | Received updated ballot on 11/13/2014 |
| George H. Mantakos | 10/31/14 | N | C28 | | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| George H. Mantakos & Antoinette M. Mantakos | 11/17/14 | N | S968 | | TPS | Accept | 500,00.00 | X | TPS Claim |
| Gregory Devou | 11/10/14 | N | C26 | | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| Gregory Devou | 11/10/14 | N | S961 | | TPS | Accept | 250,000.00 | X | TPS Claim |
| Hector Torres | 11/10/14 | N | C32 | | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| Hector Torres | 11/10/14 | N | S975 | | TPS | Accept | 100,000.00 | X | TPS Claim |
| John Brown III | 11/10/14 | N | C23 | 4784 | Contingent | Invalid | | | Duplicate ballot received |
| John Brown III | 11/03/14 | N | C23 | 4784 | Contingent | Accept | $ 1.00 | | Unliquidated claim |
| Joseph A. Cicero | 11/24/14 | N | C25 | 3766 | Contingent | Accept | 1.00 | | Unliquidated claim |
| Joshua Johnson | 11/24/14 | N | C15 | | $ 10,500.00 | Accept | $ 10,500.00 | | |
| Laird Oskin | 11/24/14 | N | C20 | | $ 15,100.00 | Accept | $ 15,100.00 | | |
| Mark A. Keldel | 12/01/14 | N | C37 | 6381 | $ 600,000.00 | Accept | $ 600,000.00 | X | |
| Melvin Kabik | 11/24/14 | N | S965 | 1119 | TPS | Invalid | | | TPS Claim- No amount included |
| Michael Schneck | 11/03/14 | N | S972 | 797 | TPS | Accept | 350,000.00 | | TPS Claim |
| Michael Robert Watson | 11/17/14 | N | C33 | 2063 | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| Michael R. Watson & Geraldine Watson Ten Ent | 11/17/14 | N | S977 | 2063 | TPS | Accept | 250,000.00 | X | TPS Claim |
| Paul Susie | 11/10/14 | N | C31 | | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| Robert Burns | 11/24/14 | N | C18 | | $ 22,160.00 | Accept | $ 22,160.00 | | |
| Robert L. Caret | 11/24/14 | N | C24 | 4751 | Contingent | Accept | $ 1.00 | X | Unliquidated claim |
| Robert L. Caret & Elizabeth Zoltan Ten Ent | 11/24/14 | N | S967 | 4751 | TPS | Accept | 250,000.00 | X | TPS Claim |
| Robert P. Warr | 11/24/14 | N | S976 | 0602 | TPS | Accept | $ 500,000.00 | | TPS Claim |
| Scott Frankle | 11/24/14 | N | C16 | | $ 17,000.00 | Accept | $ 17,000.00 | | |
| Sean Williams | 11/17/14 | N | S978 | 0345 | TPS | Accept | 150,000.00 | | TPS Claim |
| Sparrow Creek I, LLC | 11/20/14 | N | S949 | | TPS | Accept | 175,000.00 | | TPS Claim |
| Sparrow Creek II, LLC | 11/20/14 | N | S950 | | TPS | Accept | 325,000.00 | | TPS Claim |
| Sparrow Creek III, LLC | 11/20/14 | N | S951 | | TPS | Accept | 2,070,000.00 | | TPS Claim |
| Sparrow Creek IV, LLC | 11/20/14 | N | S952 | | TPS | Accept | 2,430,000.00 | | TPS Claim |
| The Bank of New York Mellon | 11/25/14 | N | S955 | 1102 | TPS-Master | Accept | 2,000,000.00 | | Master Ballot |

### Class 2 - General Unsecured Claims

| | Total Valid | Accepted | Rejected | Invalid |
|---|---|---|---|---|
| # Votes: | 37 | 37 | 0 | 2 |
| Vote %: | 94.87% | 100.00% | 0.00% | 5.13% |
| Tabulated Claim Amount | $15,292,419.00 | $15,292,419.00 | $0.00 | |
| Amount %: | 100% | 100.00% | 0.00% | |

### Class 2 - General Unsecured Claims (Without Insider Ballots Tabulated)

| | Total Valid | Accepted | Rejected | Invalid |
|---|---|---|---|---|
| # Votes: | 23 | 23 | 0 | 2 |
| Vote %: | 92.00% | 100.00% | 0.00% | 8.00% |
| Tabulated Claim Amount | $12,842,412.00 | $12,842,412.00 | $0.00 | |
| Amount %: | 100% | 100.00% | 0.00% | |