

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| Capital Trust Holdings, Inc. | | |
| (f/k/a First Mariner Bancorp), | * | Case No. 14-11952-DER |
| Reorganized Debtor. | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FINAL DECREE CLOSING THE CHAPTER 11 CASE

Upon the Motion[1] of the Responsible Person for the entry of a Final Decree closing the above-captioned bankruptcy case; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Reorganized Debtor's estate has been fully administered within the meaning of section 350 of the Bankruptcy Code; and the Reorganized Debtor having provided appropriate notice under the circumstances of the Motion and the opportunity for a hearing on the Motion, and that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED AND DECREED:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

KE 36377372.16

1. The above-captioned bankruptcy case shall be closed as provided in section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, effective as of the date this Final Decree is entered.

2. The Clerk of the Court shall enter this Final Decree on the docket of the Chapter 11 Case and such docket thereafter shall be marked as closed.

3. This Final Decree is without prejudice to the rights of the Reorganized Debtor or any other party in interest to seek to reopen the Chapter 11 Case for good cause shown.

4. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

5. Notwithstanding anything herein to the contrary, all rights of the D&O Claimants with respect to D&O Insurance are preserved in full and nothing herein shall be construed to adversely affect the subrogation rights of the D&O Claimants with respect to the D&O Insurance. For the avoidance of doubt, preservation of the D&O Claimants' subrogation rights shall not impose any further liability on the estate.

6. Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree.

**END OF ORDER**